OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioner brought this proceeding to challenge the 1975 through 1979 tax assessments on its bank and office building, which was leased to petitioner’s affiliate. The dispute centers on whether, in applying the income capitalization method, the actual rent charged, or some lower figure, should be used as a basis for determining the value of the property. Petitioner’s expert arrived at the fair market rental by an analysis of the leases of several similar facilities in the city. The city’s expert, on the other hand, used the higher, actual rent charged by petitioner to its tenant, purportedly finding support for his analysis in a comparison with rents charged to other branch banks in the area.
The trial court rejected petitioner’s calculation of fair market rental and adopted the city’s analysis. The Appellate Division modified the'judgment, declining to apply *887 actual rental because it found the rent charged in this instance to be a computation of the cost of carrying the property, with no relation to fair market rental. Instead, the court accepted petitioner’s evidence of true rental value. Performing its own computations, the court arrived at a property value somewhat above petitioner’s final figure but well below the city’s.
Where the Appellate Division reverses the findings of value made by the trial court and makes new findings, this court may choose between the two by determining which is in accord with the weight of the evidence. (Grant Co. v Srogi, 52 NY2d 496, 510-511.) We conclude that the findings of the Appellate Division more nearly comport with the weight of the evidence.
Actual rent may be indicative of fair market rental, but is not necessarily so where the rent has been arbitrarily set, as may be the case between a landlord and tenant who are affiliated companies. (See Matter of Merrick Holding Corp. v Board of Assessors, 45 NY2d 538, 543.) The weight of the evidence here supports the Appellate Division’s conclusions that the rent charged by petitioner to its tenant was influenced by factors having no relation to market value and that the comparable rents relied upon by the city lacked probative value.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.